**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LINDSEY A. KRAFT, as Special Administrator of the Estate of RONALD G. KRAFT, JR, deceased, | |
| *Plaintiff,* | |
| v. | Case No. |
| MOYALE TRANSPORTERS, LLC, CENTRAL TRANSPORT, LLC, VITRAN ILLINOIS, LLC, VITRAN EXPRESS, INC. and BRANDON GARETH GARRISON | |
| *Defendants.* | |

**NOTICE OF REMOVAL**

Defendants, CENTRAL TRANSPORT, LLC, VITRAN ILLINOIS, LLC, VITRAN EXPRESS, INC. and BRANDON GARETH GARRISON ("Defendants"), through their attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, remove this action from the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds, Defendants state:

**PROCEDURAL HISTORY**

1.      This is a personal injury action involving a January 8, 2015 collision between vehicles operated by Plaintiff's decedent, Ronald G. Kraft, Jr. and Defendant Garrison, resulting in decedent's death.

2.      On January 5, 2017, Plaintiff filed a four-count complaint in the Circuit Court of Cook County, Illinois, Law Division, Case No. 2017 L 000102.  (Exhibit A, Complaint at Law).

3.      Summons was issued for Defendants Central Transport, LLC, Vitran Express, Inc. and Brandon Gareth Garrison on January 11, 23, and 25, 2017, respectively.  (Exhibit B, Summons).

4.      Upon information and belief, Vitran Illinois, LLC has not been served to date.

5.      However, although the Vitran defendants do not have resident agents in Illinois and the service of Summons was technically invalid, on or about January 25, 2017, counsel for Vitran advised counsel for Plaintiff that as a professional courtesy, she has accepted service on behalf of the Vitran defendants.

## GROUNDS FOR REMOVAL

6.      A defendant may remove any civil action brought in a State court for which the district courts of the United States have original jurisdiction to the federal district court encompassing the place in which the action is pending.  28 U.S.C.§ 1441(a).

7.      This Court has original jurisdiction over this action by reason of complete diversity of citizenship and an amount in controversy which exceeds the sum or value of $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).

## THE PARTIES ARE OF DIVERSE CITIZENSHIP

8.      Upon information and belief, Plaintiff Lindsey A. Kraft is a citizen of the State of Illinois, as was decedent Ronald G. Kraft, Jr. at the time of the accident and his death.

9.      Defendant Garrison is a citizen of the State of Missouri.

10.      At the time this action was commenced and since that time, Defendant Central Transport LLC has been an Indiana LLC with its principal place of business in Warren, Michigan.   None of its members are citizens of Illinois.  (Exhibit C, Central Transport LLC Affidavit of Citizenship).

11.      At the time this action was commenced and since that time, Vitran Express, Inc. has been a Pennsylvania corporation with its principal place of business in Warren, Michigan. (Exhibit D, Vitran Express, Inc. Affidavit of Citizenship).

2

12.     At the time this action was commenced and since that time, Vitran Illinois, LLC has been a Delaware LLC with its principal place of business in Warren, Michigan. None of its LLC members are citizens of Illinois.  (Exhibit E, Vitran Illinois, LLC Affidavit of Citizenship).

13.     At the time this action was commenced and since that time, Moyale Transporters, LLC has been a Missouri corporation, whose sole member is a citizen of Missouri.  (Exhibit F, Moyale Transporters LLC's Affidavit of Citizenship and Consent to Removal).

14.      As such, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332. *See Wis. Dept or Correction v. Schacht*, 524 U.S. 381, 388, 118 S. Ct. 2047, 2052 (1998); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 65, 117 S. Ct. 467, 471 (1996).

## AMOUNT IN CONTROVERSY IS SATISFIED

15.     In Paragraph 15 of Count I, Plaintiff alleges that she "sustained losses as a result of the death of Ronald G. Kraft, Jr."  (*See* Ex. A, Count I, ¶ 15), and the jurisdictional minimum of $75,000.00 is clearly met given the nature of the cause of action and damages claimed. Moreover, Plaintiff filed with her complaint an affidavit seeking in excess of $50,000.00. (Exhibit A, Complaint at Law).

## THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

16.     Defendants filed this Notice of Removal within thirty (30) days of receipt of the Complaint and Summons, and therefore, this Notice of Removal is timely.  28 U.S.C. § 1446(b)(1).

17.     This Court has diversity jurisdiction over this mater pursuant to 28 U.S.C. § 1332 (a)(1).

18.     The State Court Action is properly subject to removal pursuant to 28 U.S.C. § 1332 (a)(1).

3

19.     Defendants are filing, within this pleading, a copy of the Complaint and Summonses served upon them in the state court action.  28 U.S.C. § 1446(a).

20.     Promptly after filing this Notice of Removal, Defendants will provide written notice to all adverse parties of the filing, and a true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

21.     Defendants Central Transport, LLC, Vitran Illinois, LLC, Vitran Express, Inc. and Brandon Gareth Garrison all consent to the removal of this case to the Northern District of Illinois, which is evidenced by this jointly-filed removal.  28 U.S.C. § 1446(b)(2)(A).  Co-defendant Moyale Transporters, LLC consents to the removal, as evidenced by the Moyale Transporters, LLC affidavit (Exhibit F).

22.     By filing this Notice of Removal, Defendants Central Transport, LLC, Vitran Illinois, LLC, Vitran Express, Inc. and Brandon Gareth Garrison do not waive any available defenses, including all jurisdictional and affirmative defenses.

23.     The undersigned counsel for the Defendants has read the foregoing and signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendants Central Transport, LLC, Vitran Illinois, LLC, Vitran Express, Inc. and Brandon Gareth Garrison hereby remove the instant action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, and respectfully request that this Court exercise jurisdiction over this action.

4

Respectfully Submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP


By:   */s/ Kathleen McDonough*
        Kathleen McDonough (ARDC # 6229813)
        kathleen.mcdonough@wilsonelser.com
        Lamis G. Eli (ARDC # 6308955)
        lamis.eli@wilsonelser.com
        WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
        55 W. Monroe Street, Suite 3800
        Chicago, IL  60603
        Telephone:  312.704.0550
        Fax:  312.704.1522

        Attorneys for CENTRAL TRANSPORT, LLC,
        VITRAN ILLINOIS, LLC, VITRAN EXPRESS,
        INC. and BRANDON GARETH GARRISON

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to Plaintiff's counsel via U.S. Mail on this 6th day of February, 2017.

Kristofer S. Riddle
Clifford Law Offices
120 N. LaSalle Street, 31st Floor
Chicago, IL 60602
krs@cliffordlaw.com


*/s/ Kathleen McDonough*
Kathleen McDonough